**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

SARAH A. HOLMES,
     Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION and NORMAN
JASPER CLARK,
     Defendants.

Case No. 1:22-cv-01080-JES-JEH

**Report and Recommendation**

Now before the Court is the Defendant United States of America's Motion to Dismiss (Doc. 2).  This matter has been referred for a Report and Recommendation.  Text Order entered April 13, 2022.  The Motion is fully briefed, and for the reasons stated herein, the Court recommends the Motion be granted.

**I**

On March 18, 2022, Defendant United States of America (United States)[1], on behalf of the Social Security Administration (SSA), removed this civil action from the Circuit Court for the Tenth Judicial Circuit, Peoria County, Illinois pursuant to 28 U.S.C. §§ 1442 and 1446.  The United States detailed that on March 15, 2022, the Social Security Field Office in Peoria County, Illinois was served with a Motion and Notice of Hearing set in Illinois state court.  The Motion was filed in Plaintiff

---

[1] This federal case was opened identifying Sarah A. Holmes as Plaintiff and the United States of America as Defendant.  *See* Notice of Court Date for Motion (Doc. 1-1 at pg. 1).  However, in the underlying state court case, Holmes was the defendant in a divorce action commenced against her by her ex-husband, Norman Jasper Clark.  The United States in this removal action states that Holmes is the "Plaintiff for purpose of [its Motion to Dismiss]."  Dft's MTD (Doc. 2-2 at pg. 2).  The Court will hereinafter refer to the parties by name instead of "plaintiff" and "defendant."

Sarah A. Holmes's closed divorce case in Illinois state court. *Norman Clark v. Sarah Holmes*, Case No. 17-D-00611; *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned"). Holmes's Motion, as the United States summarizes it, alleged that Holmes has been wrongfully denied Social Security disability payments and seeks relief in the form of monetary payments from the SSA. Specifically, Holmes requested, among other things: "Order of local Social Security Office grant me my funding untill [sic] hearing is completed. (Social Security refusing to let me make payment)."[2] Plf's Mot. (Doc. 1-1 at pg. 4). The United States made clear in its Notice of Removal that the SSA wished to remove only the Plaintiff's state court Motion and Notice served upon them in the state court divorce case.

On March 29, 2022, the United States filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), and (5) for lack of subject matter jurisdiction, insufficient process, and insufficient service of process, respectively. The United States represents that at no point prior to the filing of the documents in the divorce case that were included with the Notice of Removal was the SSA ever a party to that action, nor has it been properly served with a summons or complaint. The United States further states that neither it nor the SSA have consented to the jurisdiction of the Illinois state court.

## II

The Court considers the United States' challenges in the order the United States presents them.

---

[2] When ruling on a motion to dismiss, the court must take all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Indep. Truck Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Because there is no complaint, as discussed more fully below, the Court takes as true Holmes's statements made in her Motion filed in Illinois state court.

## A

The United States first argues that Holmes attempted to initiate litigation against the SSA by attempting to serve upon it a Motion in a closed state court divorce case, and the attempt at creating a claim is deficient and any such attempt to bring the United States into court on her claims is void from the beginning. Rule 12(b)(4) motions challenge the form of process whereas Rule 12(b)(5) motions challenge the manner in which the process was served. *Luxottica Grp. S.P.A. v. The P'ships and Unincorporated Ass'ns Identified on Schedule "A,"* 391 F. Supp. 3d 816, 821 (N.D. Ill. 2019). The gist of the United States' argument is that neither the Illinois state court nor the federal court have personal jurisdiction over it where Holmes never filed a complaint and certainly did not cause summons to be issued pursuant to either Illinois rules or federal rules. The Court agrees. Process and service of process as to the SSA in this case was necessarily insufficient where the former does not exist and the latter therefore did not/could not occur as to the SSA.

## B

The United States next argues that the Court does not have subject matter jurisdiction over Holmes's claims or filings against the SSA due to Holmes's failure to exhaust her administrative remedies related to her Social Security claim. The United States argues that Holmes received a letter dated January 15, 2022 from the SSA regarding its decision on her application for Supplemental Security Income (SSI) which set forth specific instructions and a deadline of sixty days to file for an appeal in writing. The United States says without a "final decision of the Commissioner of Social Security made after a hearing" as set forth in 42 U.S.C. § 405(g), the Court is without jurisdiction to entertain Holmes's SSI claim. Section 405(g) "contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith v.*

*Berryhill*, 139 S. Ct. 1765, 1773 (2019). The four-step administrative process Social

Security claimants must generally proceed through before they can obtain review

from a federal court is as follows:

> First, the claimant must seek an initial determination as to his
> eligibility. Second, the claimant must seek reconsideration of the
> initial determination. Third, the claimant must request a hearing,
> which is conducted by an ALJ. Fourth, the claimant must seek review
> of the ALJ's decision by the Appeals Council. *See* 20 CFR § 416.1400.
> If a claimant has proceeded through all four steps on the merits, all
> agree, § 405(g) entitles him to judicial review in federal district court.

*Id.* at pg. 1772. The second, non-jurisdictional element of administrative

exhaustion may be waived by the agency or excused by the courts. *Id.* at 1774.

Here, obviously, the SSA has not waived the exhaustion element as the United

States challenges Holmes's failure to do so in the instant Motion to Dismiss.

However, the United States incorrectly seeks dismissal pursuant to Rule 12(b)(1),

and so the Court construes the request for dismissal for failure to exhaust as made

pursuant to Rule 12(b)(6). *Dunn v. Comm'r of Social Security*, 832 F. App'x 62, 63

(2d Cir. 2020) (unpublished opinion).

Holmes attached to her state court Motion the January 15, 2022 letter from

SSA which was titled "Notice of Disapproved claim" and which further provided

that Holmes had a right to appeal and had 60 days to ask for an appeal in writing.

(Doc. 2-1 at pg. 1). In other words, that letter did not provide a "final" decision.

*See Smith*, 139 S. Ct. at 1774 ("we note that the phrase 'final decision' clearly

denotes some kind of terminal event"). Nowhere in her state court Motion did

Holmes indicate she received a "final" decision from SSA as to her SSI claim, and

she did not attach a "final" decision to the Motion as to claim at issue in her

January 2022 letter. To the contrary, the letter she attached alone supports the

inference that she did *not* exhaust her administrative remedies, especially given

that the Motion was filed just one month after (February 14, 2022) the letter's date. *See Dunn*, 832 F. App'x at 64 (explaining that the document the plaintiff did attach to her form complaint for appeal of a decision by the Commissioner of Social Security was a letter from the Appeals Council indicating her claim was still under review which supported a "clear inference that [the plaintiff] had *not* exhausted her remedies") (emphasis in original).

In her Response to the Motion to Dismiss, Holmes requests the Court not dismiss "on the ground of fraud." Plf's Resp. (Doc. 4 at pg. 1). She makes other, unclear statements including that "Courts find that you owe your client money Court order. Fail to pay . . . Marriage 17, 18, 19, 20, 21 years Complaint Complaint [sic] is a marriage fraud. They fail to acknowledge that [illegible] have been fraud." *Id*. Holmes states in her Motion that "Mr. Clark be order [sic] to pay for fraud," but none of her statements in the Motion or her Response to the Motion to Dismiss even liberally construed tie allegations of fraud to her Social Security proceedings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is to be liberally construed"). Simply put, Holmes fails to make a cogent argument as to her underlying "claim" pertaining to Social Security, let alone an argument that the exhaustion requirement as to that claim be waived. The Court, therefore, sees no reason why the exhaustion requirement should be excused in this case.

Ultimately, Holmes attempted to obtain an order from a state court directing a federal agency to take action pursuant to a motion in a closed divorce case. Notably, the state court Motion itself, to put it mildly, makes little sense when Holmes's statements are considered all together. *See* Plf's Mot. (Doc. 1-1 at pgs. 4-5) (stating, among other things, "That Mr. Clark be order [sic] to pay for fraud," "Respondent to be paid for damage of [sic] her body, back, legs," and "To declare at [sic] state an emergency for me due to my son was murder [sic] 1/31/22 no

money need money to burial [sic]").  It remains unclear as to against whom Holmes may be seeking relief (in addition to SSA) or as pursuant to what authority she seeks the relief requested.  Aside from her would-be claim against SSA, nothing in Holmes's state court Motion suggests the federal court would have subject matter jurisdiction.  The Court accordingly recommends dismissal of Holmes's state court Motion and that this matter be remanded.

### III

For the reasons set forth above, the Court recommends that the Defendant United States of America's Motion to Dismiss (Doc. 2) be GRANTED and that the dismissal of Plaintiff Sarah Holmes's state court Motion be without prejudice to her pursuit of relief through the administrative process provided by the SSA, or to her right to seek judicial review of any final decision of the SSA.  The Court further recommends that any remaining claims against other parties in the divorce case be remanded back to the Circuit Court for the Tenth Judicial Circuit, Peoria County, Illinois.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation.  FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on April 14, 2022.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE