# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SARAH A. HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-1080-JES-JEH |
| ) | |
| SOCIAL SECURITY ADMINISTRATION ) | |
| and NORMAN JASPER CLARK, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This matter is now before the Court on Defendant Social Security Administration's Motion (Doc. 2) to Dismiss for Lack of Jurisdiction and Plaintiff's Response (Doc. 4) to Defendant's Motion; the Magistrate Judge's Report and Recommendation (Doc. 5) to grant Defendant's Motion and Plaintiff's Response (Doc. 7), which the Court construes as an Objection thereto; and Plaintiff's Motion (Doc. 6) to Request Counsel. For the reasons set forth below, the Court ADOPTS the Magistrate Judge's Recommendation and Report (Doc. 5) in its entirety, Defendant's Motion (Doc. 2) to Dismiss is GRANTED, and Plaintiff's Motion (Doc. 6) for Counsel is DENIED.

The relevant procedural history and facts of this case has been sufficiently outlined in the Report and Recommendation of the Magistrate Judge. Plaintiff Sarah Holmes filed a motion and notice of hearing in her closed divorce case in Illinois state court alleging that Plaintiff had been wrongfully denied Social Security disability payments and sought relief in the form of monetary payments from the Social Security Administration ("SSA"). Doc. 1-1. Defendant United States, on behalf of the SSA, removed Plaintiff's state court motion and notice served upon the Social

Security Field Office in Peoria County, Illinois to this Court. Thereafter, the United States filed the instant Motion to Dismiss Plaintiff's motion against the SSA for lack of subject matter jurisdiction, insufficient process, and insufficient service of process. Doc. 2. The United States represented that at no point prior to the filing of the documents in the divorce case that were included with the Notice of Removal was the SSA ever a party to that action, nor had it been properly served with a summons or complaint. The United States also stated that neither it nor the SSA consented to the jurisdiction of the Illinois state court.

In his Recommendation and Report, the Magistrate Judge recommended that the United States' Motion to Dismiss be granted because the process and service of process as to the SSA in this case was necessarily insufficient and Plaintiff failed to exhaust her administrative remedies. For instance, the Magistrate Judge agreed with the United States that neither the Illinois state court nor the federal court had personal jurisdiction over it where Plaintiff never filed a complaint and did not cause summons to be issued pursuant to either Illinois rules or federal rules. The Magistrate Judge also found that Plaintiff's state court motion did not indicate she received a "final" decision from SSA as to her SSI claim, and she did not attach a "final" decision to the Motion. Finally, the Magistrate Judge noted it was unclear as to against whom Plaintiff sought relief, aside from SSA, or the authority for the relief she sought, and nothing else in her motion suggested the federal court would have subject matter jurisdiction over her claims beyond that against the SSA. The Court concurs with the Magistrate Judge's discussion and recommendation, and now adopts the Recommendation and Report in its entirety.

Following the Magistrate Judge's Recommendation and Report, Plaintiff filed an Objection. Doc. 7. She also filed a Motion for Appointment of Counsel. Doc. 6. Although Plaintiff has no absolute right to counsel in her civil proceeding, she asks the Court to exercise its

discretion to appoint counsel for her. *See Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). After considering the factors set forth in *Merritt*, the Court concludes that appointment of counsel is not warranted in this action at this time. The attached documents to Plaintiff's Motion include random financial documents, referrals to attorneys in 2010 for medical malpractice and personal injury claims, a vague communication from a law firm about a legal matter in 2014, a 2021 death certificate for her son, a dissolution of marriage certificate, and brutal descriptions of domestic violence by her former husband in 2017 with accompanying criminal reports. While the Court sympathizes with Plaintiff, there appears to be no reason to appoint counsel in this case. Plaintiff has not demonstrated that she made some reasonable attempt to retain private counsel for this case as required by *Merritt*.

  Even if Plaintiff had sought counsel, the Court has already made a determination that Plaintiff failed to exhaust her administrative remedies and this case must be dismissed at this time. Therefore, her claim, at this time, lacks merit. Her Objection does not provide any basis on which the Magistrate Judge erred, nor does the Court find any error based on its own review of the Recommendation and Report, the Parties' briefs, and the caselaw addressing the issues raised in the United States' motion. Should Plaintiff exhaust her administrative remedies and properly follow the procedural prerequisites for her claim as it pertains to the SSA, she may again seek judicial assistance and in turn request counsel.

  Based on the attachments exceeding 200 pages in Plaintiff's latest filings, she appears to contest the SSA's decision to diminish her future social security payments due to a prior overpayment she received but has not paid back or justified. Plaintiff also seems to allege that her former husband or husbands caused or exacerbated her issues with receiving her social security benefits. However, it is unclear, and the Court's previous analysis as further described in

the Recommendation and Report still stands, Plaintiff has failed to exhaust her administrative remedies and process and service of process as to the SSA in this case was insufficient.

## CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Recommendation and Report (Doc. 5) in its entirety, Defendant's Motion (Doc. 2) to Dismiss is GRANTED, and Plaintiff's Motion (Doc. 6) for Counsel is DENIED. Plaintiff Sarah Holmes's state court motion is dismissed without prejudice to her pursuit of relief through the administrative process provided by the SSA, or to her right to seek judicial review of any final decision of the SSA. The Court further remands any remaining claims against other parties in the divorce case back to the Circuit Court for the Tenth Judicial Circuit, Peoria County, Illinois. The Clerk is directed to mail a certified copy of this order to the clerk of the State court. The State court may thereafter conduct further proceedings in this case.

Signed on this 4th day of May, 2022.

                                              s/James E. Shadid
                                              James E. Shadid
                                              United States District Judge