E-FILED
Friday, 23 January, 2026 01:20:20 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

SARAH A. HOLMES,

     *Plaintiff,*

v.

                                  Case No.1:22-cv-01080-JEH-RLH

SOCIAL SECURITY
ADMINISTRATION and NORMAN
JASPER CLARK,

     *Defendants.*

### REPORT & RECOMMENDATION

The Court issued a judgment and closed this case four years ago, finding that it lacked subject matter jurisdiction. Plaintiff Sarah Holmes, representing herself, now moves to reopen it. But she does not offer any valid reasons to do so. The Court thus recommends that Holmes's Motion to Reopen, (Doc. 10), be denied.

The facts of this case are outlined in the Court's May 2022 Order. In short, Holmes was involved in a state-court divorce action in 2017. (Doc. 1 at 2.) Long after it was closed, she filed a motion in that case demanding that the Social Security Administration pay her disability benefits. (Doc. 1 at 2.) The administration removed the motion to this Court, (Doc. 1), and moved to dismiss for lack of subject matter jurisdiction, insufficient process, and insufficient service, (Doc. 2). The Court granted the motion, (Doc. 8), finding that Holmes had improperly served the administration and, in any event, had failed to exhaust her administrative remedies. Judgment was entered in May 2022. (Doc. 9.)

Now, three and a half years later, Holmes has filed a one-page, handwritten motion to reopen the case. (Doc. 10.) The motion states, in its entirety:

(1) reopen

(2) to amend it [sic] arguments

(3) hold Social Security At fault for payments

(4) [unclear] on the local office for abuse of Powers

(5) Fee w. for Paper Documents

[Signature Block]

(Doc. 10 at 1.) The administration did not respond to the motion, so Civil Local Rule 7.1(B)(2) allows the Court to presume it is unopposed and rule without further notice to the parties.

At the outset, Civil Local Rule 7.1(B)(1) requires that "[e]very motion raising a question of law" identify (1) "the specific points or propositions of law and supporting authorities upon which the moving party relies," and (2) "the local or federal rule under which the motion is filed." And, although pro se filings are to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a litigant's pro se status does not excuse them from complying with the rules of procedure. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Holmes's motion satisfies neither requirement and should be denied on this ground alone. It does not cite any legal authority, nor does it identify the procedural rule that authorizes it. What is more, the motion does not recite any facts: it does not say what, if anything, has changed between 2022 and now; it does not indicate

whether Holmes has pursued her administrative remedies; and it does not specify which arguments Holmes seeks to amend. Put simply, the motion is far too sparse for the Court to conduct any meaningful analysis.

To the extent the Court can analyze the motion, it fares no better on the merits. The Court interprets Holmes to be seeking relief from judgment under Federal Rule of Civil Procedure 60, which allows courts to "relieve a party . . . from a final judgment" for one of six reasons, including mistake, newly discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b)(1)–(6). The case cannot be reopened for any of those reasons, however, because the Court cannot determine whether any of them apply. Nor does Holmes's argue that the Court's lack of subject-matter jurisdiction is any less true today than it was in 2022.

## CONCLUSION

IT IS THEREFORE RECOMMENDED that Holmes's Motion to Reopen Case, (Doc. 10), be denied.


*So recommended.*

Entered this 23rd day of January 2026.


s/ Ronald. L. Hanna
_____
Ronald L. Hanna
United States Magistrate Judge